UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 1:09-cv-0734-DML-LJM |
| ) | |
| CUMBERLAND POLICE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## Order on Certain Pending Matters

### I.  Motion to Dismiss for Failure of Service

The plaintiff's motion to dismiss for failure of service has been considered. The motion contains a statement showing service of the defendants' filing (Dkt. 53) on the plaintiff. The statement complies with the requirement of Rule 5(b) of the *Federal Rules of Civil Procedure*. "Service by mail is complete upon mailing." *Id.* It is therefore incorrect to argue, and the court could not find, that a copy of the defendants' filing was not served on the plaintiff.

What could be found, however, is that the plaintiff did not receive the materials which were served on him. If this was the court's finding, it would order the material re-served on the plaintiff and could ameliorate any prejudice the plaintiff's non-receipt of the materials could have caused. At present, it is apparent that the plaintiff has acquired a copy of the material filed by the defendant and there is no discernible prejudice to the plaintiff from the delay in his having received or obtained the material. Accordingly, there is no reason to strike the defendants' filing and the motion to dismiss for failure of service (Dkt. 57) is **denied.**

### II.  Motion for Contempt and Demand for Judgment

**Contempt**

Coleman's motion seeking a finding of contempt is governed by 18 U.S.C. § 401, which confers the power of civil contempt on courts of the United States. Under this statute, "the court is empowered to enforce compliance with its orders through civil contempt." *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F. Supp. 2d 509, 515 (E.D.N.Y. 2004). Acts of contempt may be punished by fine or imprisonment, based on "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

To establish civil contempt, each of the following elements must be shown by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Manez v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578  (7th Cir. 2008) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (alterations in original).

In this case, Coleman seeks a finding of contempt against the defendants because, according to him, they omitted a document filed on the Marion Superior Court from their supplemental filing of November 23, 2009. The purpose of that filing was to comply with directions in paragraph 3 of the Entry issued on November 20, 2009, requiring the defendants "to cure the defects in the notice of removal by filing with the court a notice of supplemental filing of state court record in order to fully comply with 28 U.S.C. § 1446(a)."

Although a party may be held in civil contempt "if he has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982), no such showing has been made in this case, even if the defendants' supplemental filing of November 23, 2009, is incomplete by omitting a copy of a filing on June 6, 2009, in the state court. The court finds that a second supplemental filing in response to paragraph 3 of the Entry of November 20, 2009, is warranted, but nothing more.

Coleman also seeks to have the defendants held in contempt of court because of what Coleman characterizes as the defendants' failure to "respond and take this case seriously." This characterization is not supported by the record of filings and other activity in the case.

### Demand for Judgment

The *Federal Rules of Civil Procedure* contain provisions for the imposition of sanctions—even extreme sanctions—against parties who fail to adhere to the discovery provisions of those *Rules* or who fail to obey court orders issued in the course of the pretrial development of a lawsuit. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990).

The impositions of sanctions, including the entry of judgment against the defendants, is not warranted by any of the conduct identified by Coleman.

The plaintiff's motion for contempt and demand for judgment (Dkt. 58) is **denied.**

III.  Improper and Redundant Submission of Papers

Ordinarily, the filing of a document in a lawsuit should suffice to place that material before the court. Accordingly, Coleman's practice of resubmitting filings and other papers should be discontinued; he may instead identify the date and location within the docket of material to which he refers.

IT IS SO ORDERED.

Date: 12/30/2009

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael Edmund Walschlager
KOPKA PINKUS DOLIN & EADS P.C.
mewalschlager@kopkalaw.com

Wayde Coleman
11303 Lynchburg Way
Indianapolis, IN 46229