UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO: 1:09-cv-0734-DML-LJM |
| ) | |
| CUMBERLAND POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

# Entry Granting Defendants' Motion to Dismiss in Part
## Plaintiff's Second Amended Complaint (Dkt. 90)

This matter is before the court on the defendants' motion to dismiss in part plaintiff's second amended complaint (Dkt. 90). Having considered the pleadings in this civil rights action brought by Wayde Coleman, the defendants' motion to dismiss in part and Mr. Coleman's response to such motion, the court finds that the motion to dismiss in part must be **GRANTED.**

### Background

Mr. Coleman sues the Cumberland Police Department and members of that agency based on an incident alleged to have occurred at an Indianapolis Meijer store on October 23, 2008. Mr. Coleman claims that he was arrested without probable cause, battered, denied necessary medical care, and that his rights to free speech and equal protection were violated. The operative pleading setting forth these claims is the second amended complaint filed on January 11, 2010.

The defendants have appeared by counsel and have filed an answer to the second amended complaint. They have also, as noted above, filed a motion to dismiss specific claims set forth in the second amended complaint. Mr. Coleman's request within his brief to strike the motion to dismiss is **DENIED,** because the way to point out errors in a brief is to file a response

to it, "not to ask the judge to serve as editor." *Wiesmueller v. Kosobucki,* 547 F.3d 740, 741 (7th Cir. 2008) (quoting *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006)).

## Discussion

**The Motion to Dismiss**

The defendants' motion to dismiss seeks dismissal of six claims from the second amended complaint – claims 2, 16, and 18 based on their asserted failure to state a claim upon which relief can be granted, and claims 7, 9, and 15 based on the asserted lack of subject matter jurisdiction. The challenges made to the specified claims in the second amended complaint invoke different standards:

- With respect to the defendants' argument that portions of the second amended complaint fail to state a claim upon which relief can be granted, to survive such a motion "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). In addition, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

- With respect to the defendants' argument that portions of the second amended complaint fail to invoke the subject matter jurisdiction of the court, the court first notes that federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). Except for a narrow range of cases not relevant here, a plaintiff may bring a suit in federal court only if a statute of Congress authorizes the federal court to hear that type of suit -- that is, only if the federal court has subject matter jurisdiction. *Bender,* 475 U.S. at 541. "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. §§ 1331-32).

**Claims 2, 16, and 18**

*Claim 2.* Mr. Coleman alleges in Count 2 of the second amended complaint that the Cumberland Police Department violated his federally secured rights by "refusing or neglecting to prevent violations of 42 U.S.C. §§ 1983 and 1985."

Naming the Cumberland Police Department as a defendant is an awkward way of suing the Town of Cumberland. Although a municipality's police department is not a suable entity under either 42 U.S.C. § 1983 or § 1985, *Best v. City of Portland*, 554 F.3d 698, fn\* (7th Cir. 2009), it is of no consequence here. The claim is against the Town of Cumberland. *Id.*[1]

The Town of Cumberland is a "person" subject to suit pursuant to § 1983. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978). A municipality can be liable under

---

[1] The claims against the defendant police officers in their official capacities are in all respects other than name against their employer, *i.e.*, the Town of Cumberland. *Baxter v. Vigo County School Corporation,* 26 F.3d 728, 733 n.4 (7th Cir. 1994) ("Therefore, a suit against such an official amounts to a suit against the entity of which he is an official.")(citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).

§ 1983, however, only where the constitutional violation resulted from a municipal policy, custom, or practice. *Id.* "To establish that a municipality has violated an individual's civil rights under § 1983, the plaintiff must show one of the following: (i) that the city had an express policy that, when enforced, caused a constitutional deprivation; (ii) that the city had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law; or (iii) that the plaintiff's constitutional injury was caused by a person with final policy-making authority." *Billings v. Madison Metro. Sch. Dist.,* 259 F.3d 807, 817 (7th Cir. 2001)(citing *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000)).

Here, there is no facially plausible claim that the Town of Cumberland had an unconstitutional policy, nor more than one such policy, associated with the type of events Mr. Coleman identifies in the second amended complaint. Instead, Mr. Coleman's allegations identify a single incident, and this is not a sufficient basis on which to proceed against the Town of Cumberland. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985)("where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation").[2] Mr. Coleman's section 1983 claim therefore fails to state a claim upon which relief can be granted.

To establish liability for conspiracy under 42 U.S.C.§ 1985, a plaintiff must establish: 1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of

---

[2]Under the applicable standard, the court is not to accept Mr. Coleman's conclusory assertions in assessing the sufficiency of a claim. *Ashcroft v. Iqbal,* 129 S. Ct. at 1949 ("a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

4

the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge,* 403 U.S. 88, 102-04 (1971). Mr. Coleman's assertion of a claim under § 1985 is deficient in at least two ways. First, there is no adequate allegation of a conspiracy because the members of the Cumberland Police Department cannot "conspire" with one another:

> [U]nder the intracorporate conspiracy doctrine a conspiracy cannot exist solely between members of the same entity. *Wright v. Illinois Dept. of Children & Family Services,* 40 F.3d 1492, 1508 (7th Cir. 1994). As we held in *Wright*, "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory." *Id.* (citations omitted); *see also Hartman v. Board of Trustees of Community College,* 4 F.3d 465, 470 (7th Cir. 1993); *Doe v. Board of Education of Hononegah School Dist.,* 833 F.Supp. 1366, 1381 (N.D.Ill. 1993).

*Payton v. Rush-Presbyterian-St. Luke's Medical Center,* 184 F.3d 623, 632 (7th Cir. 1999). Second, to state a cause of action under section 1985, the plaintiff "must allege that the acts complained of were the product of racial or class-based animus." *Komasinski v. I.R.S.*, 588 F. Supp 974, 977 (N.D. Ind. 1984) (*citing Dunn v. State of Tennessee*, 697 F.2d 121 (6th Cir. 1982)). "A complaint that does not contain such allegations will be dismissed . . . under Rule 12(b)(6) . . . ." *Id.* That is the situation here with respect to Mr. Coleman's claim pursuant to § 1985. *Hossman v. Blunk,* 784 F.2d 793 (7th Cir. 1986).

The motion to dismiss claim 2 is therefore **GRANTED.**

*Claim 16.* Mr. Coleman alleges in Claim 16 that the defendants violated his right to public records. The defendants argue that this claim should be dismissed because he makes no allegations related to the alleged incident on October 23, 2008, and that Claim 16 represents a discovery dispute and does not present a claim on which the Mr. Coleman can obtain relief. Mr. Coleman opposes the motion to dismiss Claim 16, arguing that he originally requested the

5

documents at issue before initiating this lawsuit and the Cumberland Police Department and the Town of Cumberland have a custom or policy of denying records requests.

The motion to dismiss is **GRANTED** as to Claim 16. Even accepting Mr. Coleman's argument, the discovery request on which Claim 16 is based rests on provisions of state law – Indiana's Access to Public Records Act. Whether the defendants responded properly or not, and even if the defendants did not respond at all, the dispute is not actionable under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . ."). The fact that this same information was sought as part of the discovery in this case does not make the defendants' alleged inadequate response an actionable claim, but rather created a discovery dispute governed by Fed.R.Civ.P. 37.

*Claim 18.* Claim 18 makes allegations related to the defense of this case. The defendants argue that there is no cause of action involving the defense of a case. Mr. Coleman responds that the defendants, through their answer, have defrauded the court. Mr. Coleman's claim of an improper defense is not actionable "because statements made in pleadings 'are absolutely privileged if the statements are pertinent and relevant to the litigation.'" *Janky v. Batistatos,* 259 F.R.D. 373, 380 (N.D.Ind. 2009)(quoting *Miller v. Reinert,* 839 N.E.2d 731, 735 (Ind.Ct.App. 2005) (citing *American Dry Cleaning & Laundry v. State,* 725 N.E.2d 96, 98 (Ind.Ct.App. 2000)). The motion to dismiss is **GRANTED** as to claim 18.

**Claims 7, 9, and 15**

*Claims 7 and 15.* In Claims 7 and 15, Mr. Coleman alleges a "pattern of unlawful practice on person(s) of color" pursuant to 42 U.S.C. § 14141. The defendants argue that this statute provides that a civil cause of action is available only to the Attorney General. Mr.

Coleman argues that he has already filed complaints with the Attorney General's office and that there is nothing that indicates a restriction on the right to sue based on the principles behind the statute.

The motion to dismiss Claim 7 and 15 is **GRANTED**. The reason for this ruling is that 42 U.S.C. § 14141 provides no private cause of action. That statute makes it unlawful for a government entity to engage in a pattern or practice willfully depriving rights under the Constitution. It goes on to provide that the Attorney General may bring a civil action when he has reasonable cause to believe that a violation has occurred. It does not provide that private individuals may sue under this statute.

*Claim 9.* Mr. Coleman's Claim 9 is an alleged violation of the federal hate crime statute, 18 U.S.C. § 245, which is solely a criminal statute. "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis. 1986). "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon,* 418 U.S. 683, 693 (1974). *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Further, because the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing even to raise that claim. *Linda R.S. v. Richard D.,* 410 U.S. at 619. The court has also considered whether the statutes cited by Mr. Mr. Coleman could support some form of relief other than prosecution. They do not. *See Newcomb v. Ingle,* 827 F.2d 675, 676 n.1 (10th Cir. 1987). The motion to dismiss Claim 9 is therefore **GRANTED**.

## Conclusion

The defendants' motion to dismiss in part the plaintiff's second amended complaint (Dkt. 90) is **GRANTED.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

So ORDERED.

Date:  07/09/2010

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
dean@dwwklaw.com

Randall W. Graff
KOPKA PINKUS DOLIN & EADS
rwgraff@kopkalaw.com

Wayde Coleman
11303 Lynchburg Way
Indianapolis, IN 46229