UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO: 1:09-cv-0734-DML-LJM |
| ) | |
| CUMBERLAND POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

# Entry Denying Motion to Strike and and Directing Further Proceedings

### I.

This matter is before the court on the plaintiff's motion to strike inadmissible evidence and request for injunctive relief and protective order (Dkt. 122). The plaintiff's motion to strike presents his concerns that exhibits offered and relied on by the defendants in support of their motion for summary judgment are inadmissible. The plaintiff also seeks an order prohibiting the defendants from continuing to use inadmissible evidence in defending his claims against them.

A court "may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009)(citing cases). Materials that do not comply with the standard of Rule 56(e) will be disregarded. *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003)("[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law.").

*See also McKinney v. Duplain,* 463 F.3d 679, 691 n.5 (7th Cir. 2006)(district courts should thoroughly consider challenges to the admissibility of evidence before ruling on summary judgment motions, as "when acting on a motion for summary judgment, the judge [should] consider[ ] only evidence that would be admissible at trial")(citing *Gustovich v. AT&T Communications, Inc.,* 972 F.2d 845 (7th Cir. 1992).

The plaintiff does not, despite the foregoing, attack the *admissibility* of any of the many exhibits relied on by the defendants.  His objection to each, instead, is to the fact shown or to the inference he believes could be reached based on the exhibits.  He vehemently disagrees with those facts and inferences.  His disagreement, however, does not render those exhibits inadmissible.  The motion to strike (Dkt. 122) is therefore **denied.**

## II.

The court previously extended until further order the deadline for the plaintiff to respond to the motion for summary judgment.  With the motion to strike having been resolved, the plaintiff shall have **through July 19, 2010,** in which to respond to the motion for summary judgment.

So ORDERED.

Date: 07/09/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
dean@dwwklaw.com

Randall W. Graff
KOPKA PINKUS DOLIN & EADS
rwgraff@kopkalaw.com

Wayde Coleman
11303 Lynchburg Way
Indianapolis, IN 46229