UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO: 1:09-cv-0734-DML-LJM |
| VINCE SEMONA, et al., | ) ) ) |
| Defendants. | ) ) |

# Order on Plaintiff's Motion for Reconsideration

Plaintiff Wayde Coleman has moved the court to reconsider the entry of summary judgment against him on Claim 1 of his second amended complaint. (Dkt. 175). The court ruled against Mr. Coleman on Claim 1 because his assertion that his arrest was wrongful was not cognizable under either statutory basis he relied upon. First, 18 U.S.C. § 242 is a criminal statute for which no private right of action lies. Second, 42 U.S.C. § 1983 permits no remedy because probable cause to arrest is an absolute defense to a section 1983 claim against police officers for wrongful arrest, *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir. 2006), and the finding of probable cause by the state court judge based on Officer Semona's probable cause affidavit had not been invalidated. (*See* Dkt. 173 at pp. 6-7).

Mr. Coleman's request that the court reconsider its summary judgment ruling on Claim 1 does not challenge the court's judgment on the section 1983 claim, but contends that because of a drafting error in Claim 1, he did not make clear how 18 U.S.C. § 242 provided him a remedy. That statute, titled "Deprivation of rights under color of law," is a criminal statute subjecting violators to a fine or term of imprisonment (more or less than one year depending on whether certain aggravating circumstances occurred) where a person, acting under color of law, willfully

deprives a person of his federal rights or subjects him to different punishments because of his race, color, or alienage. Mr. Coleman does not challenge the court's conclusion that there is no private right of action for violating section 242 and that it cannot form the basis of a civil claim. *See Lovelace v. Whitney,* 684 F. Supp. 1438, 1441 (N.D. Ill. 1988), *aff'd,* 886 F.2d 332 (7th Cir. 1989) (unpublished). He asserts, instead, that what he really meant to say in Claim 1 is that the court should evaluate whether the defendants' actions against Mr. Coleman fell (or could fall) within the prohibitions of section 242, and then either order a criminal investigation, proceed to adjudicate the claim as a criminal action, or forward the claim to the Attorney General for decision whether to bring criminal charges.

Given the attention that Mr. Coleman has given to his claims and arguments generally in this case, the court doubts that Mr. Coleman never really intended to seek civil relief for the defendants' alleged violations of section 242. Beyond that, no relief under section 242 could ever be awarded in this case. The case or controversy before this court is between Mr. Coleman and Officers Semona and Gilbert. This is not a criminal case. The court is not a prosecutor, does not initiate criminal investigations, or order prosecutors or other law enforcement officers to do so. There is no basis for reinstating Mr. Coleman's section 242 claim.

Mr. Coleman's motion for reconsideration (Dkt. 175) is therefore DENIED.

So ORDERED.

Date: 05/05/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
dean@dwwklaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
frasherlaw@gmail.com

Randall W. Graff
KOPKA PINKUS DOLIN & EADS P.C.
rwgraff@kopkalaw.com