UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO: 1:09-cv-0734-DML-LJM |
| | ) |
| VINCE SEMONA, et al., | ) |
| | ) |
| Defendants. | ) |

## Order on Defendants' Motion for Reconsideration

This matter is before the court on the motion (Dkt. 176) of defendants Vince Semona and Nicole R. Gilbert for reconsideration of the court's denial of summary judgment on plaintiff Wayde Coleman's claim that he was denied adequate medical care in violation of the Fourth Amendment. (*See* Dkt. 173 at pp. 15-16). In the alternative, the defendants ask the court to treat their motion for reconsideration as a motion in limine to prevent Mr. Coleman from presenting medical evidence at trial. For the reasons discussed below, the defendants' motion, whether as one for reconsideration or in limine, is DENIED.

A motion for reconsideration is appropriate "to correct manifest errors of law or fact or to present newly discovered evidence," but not to present new legal theories that could have been raised before. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985) (citations omitted).

The defendants' motion does not challenge the court's analysis in the summary judgment order of the facts or law applicable to Mr. Coleman's denial of medical care claim, but seeks to present a new legal theory why the claim should not survive. Based on one case from the Eleventh Circuit Court of Appeals, the defendants contend that Mr. Coleman's medical care

denial claim cannot succeed without expert medical testimony that any injuries (physical or psychological) suffered by Mr. Coleman were caused by the defendants' actions. The sole case cited by the defendants, *Wingster v. Head,* 318 Fed. Appx. 809 (11th Cir. 2009), does not support their argument. *Wingster* does not establish, or even suggest, that expert medical testimony is always required to prove a denial of medical care claim (or excessive force claim).

Notably, the defendants do not discuss the facts in *Wingster* or the Eleventh Circuit's analysis of why that plaintiff's excessive force claim could not survive summary judgment without expert medical testimony. In *Wingster,* the decedent's mother brought an excessive force claim against police officers who she alleged had beaten her son in his prison cell, causing an aneurysm that led to his death. The defendant police officers presented expert medical testimony attesting that there was no medical evidence that the son was even the victim of an assault or suffered any trauma and opining that the son's aneurysm developed from natural causes. *Id.* at 811. The court ruled that without her own expert medical testimony to call into question the defendants' evidence that her son's death was not caused by the police officers' alleged conduct, the mother's claim could not survive summary judgment. The *Wingster* court pointed out that the plaintiff's claim was only for her son's death (and not any other possible physical injuries), the cause of an aneurysm is not one within the common knowledge of laypeople, and the unequivocal and unrebutted evidence on summary judgment was that the son's death was from natural causes and not because of any alleged excessive force by the officers. *Id.* at 815-16.

*Wingster* provides no basis for reconsidering the court's summary judgment order. Officers Semona and Gilbert have also not provided the court with any basis for applying *Wingster* to prohibit Mr. Coleman from offering any medical evidence at trial. They do not

2

discuss the physical or psychological injuries for which Mr. Coleman is seeking relief, explain why expert medical testimony necessarily would be required here to establish a link between the defendants' conduct and whatever injuries Mr. Coleman claims, or attempt to negate themselves with expert medical testimony any causation between their alleged conduct and Mr. Coleman's injuries. In addition, as the Seventh Circuit has ruled, expert medical testimony on causation is *not* always required in excessive force cases or delay or denial of medical care cases. *See, e.g., Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009) (excessive force) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations"); *Williams v. Liefer,* 491 F.3d 710, 715-16 (7th Cir. 2007) (delay of medical care) (although plaintiff must offer medical evidence to show that delay in treatment caused harm, it is not always necessary for every type of harm to be supported with expert medical testimony on causation).

## Conclusion

The defendants' motion for reconsideration or in limine (Dkt. 176) is DENIED.

The court's denial with respect to the defendants' motion in limine regarding medical evidence is without prejudice to renewal if the defendants have a good faith basis for arguing that for a particular injury or harm claimed by Mr. Coleman, expert medical testimony on causation is required.

The court further reminds the parties that the court has reset the final pretrial conference for July 15, 2011 (Dkt. 194). In accordance with the case management plan, motions in limine may be filed two weeks before the final pretrial conference with any objections due one week before the final pretrial conference. (*See* Dkt. 22 at Section VIII). Briefing on some motions in limine has already been filed; those documents do not need to be filed again.

So ORDERED.

Date: 05/05/2011

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
dean@dwwklaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
frasherlaw@gmail.com

Randall W. Graff
KOPKA PINKUS DOLIN & EADS P.C.
rwgraff@kopkalaw.com